994 So.2d 95 (2008)
Deborah A. PUGH, Individually and as Natural Tutrix on Behalf of her Minor Son, Blaine Pugh
v.
ST. TAMMANY PARISH SCHOOL BOARD, Steven R. Tresch, Sr. and Camille Ann Jacobsen Tresch, Individually and as Parents of the Minor, Steven R. Tresch, Jr., and Steven R. Tresch, Jr., Individually, Mr. and Mrs. *96 Cook, Individually and as Parents of the Minor Corey Cook, and Corey Cook, Individually, Coregis Insurance Company, Unknown Insurance Company A, Unknown Insurance Company B, and Unknown Insurance Company C.
No. 2007 CA 1856.
Court of Appeal of Louisiana, First Circuit.
August 21, 2008.
*97 Before: WHIPPLE, PARRO, KUHN, DOWNING, and HUGHES, JJ.

ON REHEARING
PARRO, J.
The plaintiff, Blaine Pugh,[1] has applied for a rehearing in this matter, requesting that this court address certain issues concerning the moving party's burden of proof on a motion for summary judgment. For the following reasons, we grant a rehearing and vacate our earlier judgment in this matter.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544, 546. Appellate courts review summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See LSA-C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 40; see also LSA-C.C.P. art. 967(B).[2]
The motion for summary judgment at issue in this matter arose in the context of a suit filed against the St. Tammany Parish School Board (School Board) *98 and other defendants for damages sustained by the plaintiff when he was attacked by two fellow students while on school grounds. A school board, through its agents and teachers, owes a duty of reasonable supervision over its students. Wallmuth v. Rapides Parish School Board, 01-1779, 01-1780 (La.4/3/02), 813 So.2d 341, 346; see LSA-C.C. art. 2320. To establish a claim against a school board for failure to adequately supervise the safety of its students, a plaintiff must prove: (1) negligence on the part of the school board, its agents, or teachers In providing supervision; (2) a causal connection between the lack of supervision and the accident; and (3) that the risk of unreasonable Injury was foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Wallmuth, 813 So.2d at 346.
As the movant, the School Board had the Initial burden of proof for purposes of seeking summary judgment pursuant to LSA-C.C.P. art. 966(C)(2). However, as a defendant in this matter, the School Board would not bear the burden of proof on the issue of fault at trial; therefore, it was only required to point out to the court that there was an absence of factual support for one or more elements essential to the plaintiff's action. The School Board attempted to point out to the court that there was an absence of factual support for an essential element of the plaintiff's cause of action by arguing in its memorandum that the plaintiff was unable to prove that the School Board had the requisite prior notice of the attack. Specifically, the School Board asserted in its memorandum in support of the motion for summary judgment that "[t]he unprovoked spontaneous sucker punch attack by Cook and [Tresch] would not have been foreseeably, constructively or actually known or preventable by the Board under these circumstances, since not Cook, Tresch or Pugh knew that an attack would occur on August 29, 2003 prior to class until Cook spontaneously threw the first punch." However, in attempting to meet this burden, the School Board did not support its motion with any affidavits, depositions, or other evidence to point out the alleged lack of support for this element of the plaintiff's case, nor did it identify those portions of the pleadings that it believed demonstrated the absence of a genuine issue of material fact. Instead, the School Board offered mere argument and conclusory statements in its memorandum contending that it did not have notice.
This court's original opinion in this matter relied on the recent supreme court decision of Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, as support for its apparent holding that a defendant need offer only the self-serving argument of its memorandum to point out the lack of factual support for the plaintiff's claim and meet its initial burden of proof. However, Samaha cannot be read so broadly. To do so would negate the requirements of LSA-C.C.P. arts. 966(C)(2) and 967(A) and (B), as repeatedly reinforced by the jurisprudence,[3] that It is only after the motion has been made and properly supported that the burden shifts to the non-moving party.
In Samaha, the plaintiffs filed suit against Dr. Rau, alleging medical malpractice in his treatment of Mrs. Samaha. Dr. Rau filed a motion for summary judgment, contending that the plaintiffs lacked the necessary expert medical testimony to support *99 their claims against him. In support of the motion, Dr. Rau relied upon: (1) a certified copy of the unanimous opinion of the medical review panel, which found no deviation from the standard of care on the part of the doctor; (2) an affidavit of correction to the panel opinion by the attorney chair of the medical review panel; and (3) a copy of the plaintiffs' answers to interrogatories and a request for production of documents.[4] After the trial court granted the motion for summary judgment, the plaintiffs appealed, and a different panel of this court reversed.
According to this court, Dr. Rau did not properly support his motion for summary judgment with either an affidavit or deposition from an expert medical provider to prove that his medical treatment of Mrs. Samaha was not below the applicable standard of care. This court concluded that without such evidence, Dr. Rau did not meet his initial burden of showing that he was entitled to summary judgment as a matter of law. Thus, this court determined that the burden never shifted to the plaintiffs to show support for their claims.[5]
In reversing this court, the supreme court determined that because Dr. Rau did not bear the burden of proof at trial, he did not have the burden of disproving the plaintiffs' claim of medical malpractice. Rather, the supreme court stated that Dr. Rau only had to raise, or point out, as the basis for his motion that the plaintiffs could not support their claim without expert medical testimony. Samaha, 977 So.2d at 884. However, the supreme court did not suggest that Dr. Rau could simply raise this issue by argument in his memorandum, without any other support. In fact, the supreme court specifically referred to the support offered by Dr. Rau and concluded that he had satisfied his initial burden on summary judgment by filing the motion "and attaching the plaintiffs' discovery responses." Id. Thus, although the Samaha court concluded that Dr. Rau was not required to support his motion with expert medical testimony to disprove medical malpractice, the court did require that the movant provide some documentary support for the motion.[6] The Samaha court determined that, "once the plaintiff's lack of proof was claimed, and supported by the plaintiffs' answers to interrogatories pursuant to [LSA-C.C.P. art.] 967," the burden of proof shifted to the plaintiffs under the clear provisions of LSA-C.C.P. art. 966(C)(2). Samaha, 977 So.2d at 887-88.
The circumstances in Samaha are in stark contrast to those of the instant matter. In this case, the School Board attached no discovery or other documentary evidence to support its motion. Instead, the School Board based its argument on one paragraph in the plaintiff's petition, in which the plaintiff had alleged that the attack on the plaintiff had occurred "viciously and without warning or provocation." However, the School Board Ignores *100 a subsequent paragraph in the petition In which the plaintiff alleges a breach of the duty of reasonable supervision over its students, as follows:
Blaine Pugh, as well as his stepfather, had voiced numerous complaints to school administrators, teachers and other school employees of Fontainebleau High School about the harassment and threats by Steven R. Tresch, Jr. and Corey Cook. Despite having first-hand knowledge of the abuse, harm and Intimidation being continually perpetrated against Blaine Pugh by Steven R. Tresch, Jr. and Corey Cook, and despite having received more than adequate warning of an impending attack, school administrators and others employed at Fontainebleau High School failed and/or refused to take action sufficient to protect Blaine Pugh and prevent the physical and other injuries he sustained as a result of the assault by Steven R. Tresch, Jr. and Corey Cook.
This paragraph must be read in connection with the other paragraph of the plaintiff's petition relied on by the School Board, and in doing so, it is readily apparent that the School Board has failed to support its motion by identifying those portions of "the pleadings" that show that there is no genuine issue of material fact. See LSA-C.C.P. art. 966(B) and (C)(1). Having failed to meet its initial burden of proof by merely relying on a portion of the pleadings without Identifying other parts of the record or submitting supporting proof to support its motion, genuine issues of material fact are present.[7] Moreover, because the School Board failed to meet its initial burden of proof, the burden never shifted to the plaintiff to show support for his claim. Therefore, the motion for summary judgment was improperly granted.

CONCLUSION
For the foregoing reasons, the plaintiffs application for rehearing is granted, and the original opinion of this court is vacated. The judgment of the trial court granting summary judgment in favor of the St. Tammany Parish School Board is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal in the amount of $914.34 are assessed to the St. Tammany Parish School Board.
APPLICATION FOR REHEARING GRANTED; APPELLATE JUDGMENT VACATED; DISTRICT COURT JUDGMENT REVERSED; AND REMANDED.
KUHN, J., dissents & assigns reasons.
DOWNING, J., dissents for the reasons assigned by KUHN, J.
KUHN, J., dissenting.
The movant, which in this case does not bear the burden of proof at trial, is required "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim." See La. C.C.P. art. 966(C)(2). The School Board pointed out that plaintiff alleged in her petition that the attack on her minor son had occurred "viciously and without warning or provocation." With this, the School Board sustained its burden on the motion for summary judgment by pointing out that plaintiff could not establish that the risk of an unreasonable injury was foreseeable, constructively or actually known, and preventable if the requisite degree of supervision *101 had been exercised. Thereafter, plaintiff was required "to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial." See La. C.C.P. art. 966(C)(2). In response to this pointing out by the School Board, plaintiff offered nothing.
Under La. C.C.P. art. 966(C)(2) as it is presently written, once the movant points out that the adverse party cannot meet his burden of proof as to one essential element of his claim, the burden of proof shifts from the movant to the adverse party to demonstrate that he can. If he does not produce evidence sufficient to meet his burden of proof as to that one essential element, whether there are genuine issues of material fact as to other elements of his claim is not relevant. By requiring that the movant simply "point out" an absence of factual support for one essential element of the adverse party's claim and its creation of the procedural shifting of the burden of proof, the legislature obviously requires courts to abide by the principle that the summary judgment procedure is favored. See La. C.C.P. art. 966(A)(2).
Because plaintiff failed to offer any evidence to establish that the risk of an unreasonable injury was foreseeable and preventable after the School Board pointed out that in her petition she alleged that the attack on her minor son had occurred "viciously and without warning or provocation," there is no genuine issue of material fact on this essential element of her claim, and the trial court correctly granted summary judgment. See Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880. Accordingly, I would affirm the grant of summary judgment and the dismissal of her claims against the School Board.
NOTES
[1] The original suit was brought by Deborah Pugh, individually, and on behalf of her minor son, Blaine. However, by the time the judgment appealed from was rendered, Blaine had reached the age of majority, and he was substituted as the party plaintiff for Ms. Pugh in her representative capacity. In addition, Ms. Pugh's claims in her individual capacity were dismissed pursuant to a peremptory exception raising the objection of no cause of action filed by another defendant. That ruling was not appealed, and ft is, therefore, final. Although the application for rehearing was nominally filed by Deborah Pugh in her individual and representative capacities, we recognize Blaine as the proper applicant.
[2] Louisiana Code of Civil Procedure article 967(B) provides:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
[3] See Costello, 864 So.2d at 137-38; Babin, 764 So.2d at 39-40; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 609-10.
[4] In addition to the argument of their memorandum, the plaintiffs supported their opposition to the motion with the same answers to interrogatories and request for production of documents submitted by the doctor.
[5] Samaha v. Rau, 06-0561 (La.App. 1st Cir.5/4/07), 961 So.2d 447, 449.
[6] In Samaha, 977 So.2d at 884-85, the supreme court, quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), specifically stated that the movant:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which It believes demonstrate the absence of a genuine issue of material fact.
[7] Because the motion for summary judgment was not properly supported, the opposing party may rely on the mere allegations of his pleadings to demonstrate that a genuine issue of material fact exists. See LSA-C.C.P. art. 967(B).