THERIOT, J.
|2In this action seeking damages for fraud, the plaintiffs appeal a summary judgment in favor of the defendants, dismissing their claims with prejudice. We affirm.
FACTS AND PROCEDURAL HISTORY
The plaintiffs, Dr. and Mrs. Craig Landwehr, executed a contract with Steve Owens Construction, Inc. (“Owens Construction”) on April 25, 2002 for the construction of a new home on their lot. On May 16, 2002, the Landwehrs executed a Pre-Construction Standard Contract for Treatment of Subterranean Termites with DA Exterminating Co. of St. Tammany (“DA Exterminating”). The house was completed in May of 2003, and the Land-wehrs took possession at that time. The Landwehrs maintained their termite contract with DA Exterminating after the house was built; however, seven years after taking possession of the house, termites and termite damage were discovered in the Landwehrs’ house.
The Landwehrs sued DA Exterminating, and in the course of that litigation, they discovered a handwritten note on a DA Exterminating service ticket dated April 2, 2003, which stated:
Call Doug 966-2525
Found tunnels — No activity
Halfway up chain wall — Stopped
Alleging that the “Doug” mentioned on the DA Exterminating service ticket was Owens Construction’s on-site job supervisor, the Landwehrs filed a separate suit on December 16, 2010 against Owens Construction and its owner, Stephen R. Owens. The Landwehrs alleged in this suit that Owens Construction had knowledge of the existence of termites during [¡¡construction, but failed to disclose this to the Landwehrs in order to fraudulently induce them to accept the house.
On January 3, 2012, over a year after the suit was originally filed, Owens Construction & Stephen Owens filed a motion for summary judgment, pointing out that the Landwehrs had no evidence to prove that they had any knowledge of the inactive termite tunnels discovered by DA Exterminating’s inspector during construction. In support of the motion for summary judgment, the defendants filed the Landwehrs’ original and amended responses to interrogatories, in which the Landwehrs stated that they did not have any information or knowledge as to how or when the defendants learned about DA Extermmating’s discovery of termite tunnels, and that they were relying solely on the note to “Call Doug” on DA Exterminating’s service ticket to prove knowledge by the builder. In opposition to the motion for summary judgment, the Land-wehrs did not offer any depositions or affidavits to prove that the “Doug” referred to on the service ticket was Owens Construction’s job-site supervisor or that DA Exterminating communicated their discovery to either Doug or Steve Owens. Instead, the Landwehrs simply argued *237 that the note to “Call Doug” created a genuine issue of fact as to whether or not the defendants knew about the termite tunnels during construction. After a hearing, the court granted summary judgment in favor of the defendants and dismissed the Landwehrs’ claims. This appeal by the Landwehrs followed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116, p. 4 (LaApp. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ \jdenied, 10-2227 (La.11/19/10), 49 So.3d 387. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See La. C.C.P. 966(B).
The burden of proof on a motion for summary judgment remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, p. 2 (LaApp. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), unit denied, 08-2316 (La.11/21/08), 996 So.2d 1113; see also La. C.C.P. art. 967(B).[1]
|BIn response to the defendants’ motion for summary judgment pointing out the lack of factual support for an essential element of the Landwehrs’ claim, ie., Mr. Owens’ or Owens Construction’s knowledge of DA Exterminating’s discovery, the Landwehrs failed to produce any evidence in the form of affidavits, depositions, answers to interrogatories, or admissions, to prove that they would be able to carry their burden of proof at trial. As such, summary judgment dismissing their claims was appropriate.
CONCLUSION
The summary judgment in favor of defendants is affirmed. Costs of this appeal *238 are assessed to the plaintiffs, Dr. and Mrs. Landwehr.
AFFIRMED.

. Louisiana Code of Civil Procedure article 967(B) provides:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.