THERIOT, J.
|2In this slip and fall case, the plaintiff appeals a summary judgment dismissing his suit. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
James E. Ramer, Jr. was employed by SNL Distribution Services Corporation as a bread delivery driver. On January 29, 2010, Mr. Ramer was unloading a truckload of bread inside Evangeline Maid Bakery d/b/a Flowers Baking Company of Lafayette, LLC’s (“Flowers”) warehouse in Morgan City when he slipped in a puddle on the warehouse floor and fell onto the floor. Mr. Ramer filed a petition for damages against Flowers, alleging that Flowers was liable for his injuries because they knew or should have known of the unsafe and hazardous condition. Flowers filed a third party demand against Bayou Estate Development, Inc. (“Bayou”), the owner of the warehouse leased by Flowers in which Mr. Ramer fell, and Mr. Ramer then amended his petition to make Bayou a defendant as well.
Flowers and Bayou (collectively referred to hereafter as “defendants”) filed motions for summary judgment on Mr. Ramer’s claims, which were granted by the court, and this appeal by Mr. Ramer followed.
*292 DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant, All Crane Rental of Georgia, Inc. v. Vincent, 10-0116, p. 4 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 13show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. La. C.C.P. 966(B).
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.l 1/21/08), 996 So.2d 1113; see also La. C.C.P. art. 967(B).[1]
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Because it is the |4applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
We are responsible for the damage occasioned by things which we have in our custody. La. C.C. art. 2317. However, the owner or custodian of a thing is only answerable for the damage caused by its ruin, vice, or defect upon a showing that he knew or, in the exercise of reasonable care, should have known, of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1.
In their motions for summary judgment, the defendants pointed out that Mr. Ram-er had no factual support for an essential element of his claim, i.e., that the defen *293 dants knew or should have known of the condition which caused the damage. In support of the motion, the defendants offered Mr. Ramer’s deposition testimony, as well as the deposition testimony of Fred Newby, Flowers’ warehouseman, and Norman Williams, Flowers’ sales manager. Mr. Ramer testified that he had never seen water on the warehouse floor before his accident. Mr. Newby, who is at the warehouse daily and is responsible for cleaning up the warehouse, testified that he had never seen water on the floor anywhere in the warehouse, nor had he ever observed any leaks in the warehouse roof. Mr. Williams testified that he goes to the warehouse approximately five times per week to ensure that the warehouse is clean, and he has never seen water in the area where Mr. Ramer fell. He also testified that he has never heard of anyone slipping and falling anywhere in the warehouse. Flowers also filed a drawing of the | ¿accident scene made by Mr. Ramer during his deposition, which showed the location of Mr. Ramer’s fall within the warehouse.
In opposition to the motion for summary judgment, Mr. Ramer filed his deposition and affidavit, as well as the depositions of Mr. Newby and Mr. Williams and an affidavit by Warren Prudhomme. Mr. Ramer testified in his deposition that after he fell, he looked up and noticed daylight coming in through the ceiling, but was unsure whether the opening was pinhole-sized or larger. Although he testified that he did not remember seeing any water dripping through the hole, he thought that the puddle on the floor could possibly have come from that hole. Mr. Ramer also introduced Mr. Williams’ deposition testimony that sometimes when it rains, water drips on the floor right near the office or is blown in through an open door. However, according to Mr. Williams’ testimony and the drawing of the accident scene, the area where Mr. Williams recalled seeing water in the past was not near the location of Mr. Ramer’s fall. Mr. Williams testified that he had never seen any water on the floor in the area where Mr. Ramer fell. Furthermore, there was no testimony that it rained on or around the day of the accident. Mr. Ramer also offered the affidavit of Warren Prudhomme, a contractor who inspected the warehouse roof over two years after the accident and noted that it appeared that the roof vents had been very recently painted and caulked to prevent leaks.
Defendants pointed out an absence of factual support for an essential element of Mr. Ramer’s claim, ie., that defendants knew or should have known of a dangerous condition, and Mr. Ramer offered no evidence in response to show that he could carry his burden of proof on that element of his claim. Considering the evidence before the court, summary judgment dismissing Mr. Ramer’s claim is appropriate.
| fiCONCLUSION
The summary judgment dismissing Mr. Ramer’s claims against Flowers and Bayou is affirmed. Costs of this appeal are assessed to plaintiff, James E. Ramer, Jr.
AFFIRMED.
CRAIN, J., concurs in the result with reasons.

. Louisiana Code of Civil Procedure article 967(B) provides:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.