THERIOT, J.
|2In this suit for damages arising from a battery committed by a co-employee, plaintiff appeals a summary judgment in favor of defendants, dismissing her claims against all defendants with prejudice. We affirm.
FACTS AND PROCEDURAL HISTORY
On May 13, 2008, plaintiff, Linda Honor, was employed by the Tangipahoa Parish School Board as a custodian at Hammond High School. On that date, another custodian at the school, Larry Jackson, approached Ms. Honor’s custodial cart and began touching her personal custodial equipment. When Ms. Honor questioned Mr. Jackson about going through her cart, he threw her up against a wall and hit her in the face. After reporting the incident in the school office, the police officer on duty at the school escorted Ms. Honor to the hospital, where she was treated for her injuries.
On April 13, 2009, Ms. Honor filed a petition for damages allegedly sustained in the incident. Named as defendants in Ms. Honor’s petition were the Tangipahoa Parish School Board, Larry Jackson, XYZ Insurance Company, Tangipahoa Parish School Board Superintendent Mark Kolwe, and Hammond High School Principal Carmen Moore. The petition alleges that the *34 School Board, Superintendent Kolwe, and Principal Moore are all vicariously liable for Jackson’s tortious conduct under the doctrine of respondeat superior because prior complaints had been made by employees about Jackson’s behavior and Ms. Honor had warned Principal Moore that Jackson’s rage appeared to be escalating and that she feared he was “going to explode,” but no action was taken.
The defendants filed a motion for summary judgment alleging that Superintendent Kolwe and Principal Moore were not Mr. Jackson’s employers and thus could not be liable under respondeat superior, and that |sMs. Honor’s exclusive remedy against the School Board, as her employer, is in workers’ compensation, since the School Board did not participate in any intentional act which caused Ms. Honor’s injuries. Summary judgment was granted by the trial court, dismissing Ms. Honor’s claims against the School Board, Superintendent Kolwe, and Principal Moore. We reversed the summary judgment on appeal, holding that the defendants failed to properly support their motion for summary judgment as required by La. C.C.P. arts. 966(C)(2) and 967(B) in order to shift the burden to the non-moving party. In moving for summary judgment, the defendants offered only the self-serving argument of their memorandum to meet the initial burden of proof. Finding that to grant summary judgment under such circumstances would negate the requirements of articles 966(C)(2) and 967(B), we reversed the summary judgment. Honor v. Tangipahoa Parish School Board, 10-1822, 2011 WL 2976884, (La.App. 1 Cir. 6/10/11) (unpublished).
The defendants filed another motion for summary judgment on October 2, 2012. In support of this motion for summary judgment, defendants offered the plaintiffs petition, affidavits of Superintendent Kolwe and Principal Moore, and excerpts from Ms. Honor’s deposition.
Ms. Honor filed an Exception of Res Judicata, asserting that the defendants’ October 2, 2012 motion for summary judgment should be barred by the doctrine of res judicata because it raised the same issues that were before the court in their first motion for summary judgment, which was reversed by the appellate court. Ms. Honor also opposed the motion for summary judgment.
After a hearing, the court denied Ms. Honor’s exception of res judicata and granted summary judgment dismissing all three defendants. Ms. Honor appealed.
LDISCUSSION
Ms. Honor argues on appeal that because this court reversed the first summary judgment granted by the trial court in favor of defendants and the defendants’ second motion for summary judgment asserts no new facts or issues, the second motion should be barred by the doctrine of res judicata. We disagree. It is well settled that the denial of an initial motion for summary judgment does not bar a second motion for summary judgment. Saizan v. Pointe Coupee Parish School Bd., 10-0757, p. 8 (La.App. 1 Cir. 10/29/10), 49 So.3d 559, 563-64, writ denied, 2010-2599 (La.1/14/11), 52 So.3d 905. The denial of a motion for summary judgment is an interlocutory judgment, which the trial court may change at any time up to final judgment. An interlocutory judgment cannot serve as the basis for a plea of res judicata Id. Furthermore, the jurisprudence specifically allows a trial court to consider a second motion for summary judgment after a first motion for summary judgment on the same issue has been denied. Id. This assignment of error is without merit.
A motion for summary judgment is a procedural device used when there is no *35 genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-368, p. 3 (La.11/29/06), 950 So.2d 544, 546. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See La. C.C.P. art. 966(B).
IsThe burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Bd., 07-1856, p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113; see also La. C.C.P. art. 967(B).
As movants, the defendants had the initial burden of proof for purposes of seeking summary judgment pursuant to La. C.C.P. art. 966(C)(2). However, as defendants in this matter, they would not bear the burden of proof at trial; therefore, the defendants were only required to point out to the court that there was an absence of factual support for one or more elements essential to Ms. Honor’s action.
Louisiana Civil Code article 2320 provides that a master is answerable for the damage occasioned by his servants, in the exercise of the functions in which they are employed. In their motion for summary judgment, Superintendent Kolwe and Principal Moore pointed to an absence of factual support for an essential element of Ms. Honor’s respondeat superior claims — [that,; they were Mr. Jackson’s employer. The defendants offered the affidavits of Superintendent Kolwe and Principal Moore, which both state that they are not Mr. Jackson’s employer. The defendants also offered Ms. Honor’s deposition testimony that the School Board is, in fact, Mr. Jackson’s employer. Although Ms. Honor argued in her memorandum in opposition to summary judgment that Superintendent Kolwe and Principal Moore should be considered Mr. Jackson’s employers for purposes of respondeat superior because of the supervision and control they exercise over him, she offered no evidence in support of her assertions to oppose summary judgment. Accordingly, summary judgment in favor of Superintendent Kolwe and Principal Moore was properly granted.
Also the subject of the defendants’ motion for summary judgment were Ms. Honor’s claims against her employer, the School Board, alleging vicarious liability for its employee’s intentional tort. Generally, an employee’s exclusive remedy against his employer for on-the-job injury is workers’ compensation; however, an ex *36 ception is made for intentional torts. La. R.S. 28:1032. An employer may be vicariously liable for the intentional acts of its employees. La. C.C. art. 2320; Craft v. Wal-Mart Stores, Inc., 01-564, p. 4 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, 1214-15, writ denied, 02-132 (La.3/22/02), 811 So.2d 933.
The Louisiana supreme court has held that in order for an employer to be vicariously liable for the tortious acts of its employee, the employee’s tortious conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interest. Baumeister v. Plunkett, 95-2270, p. 5 (La.5/21/96), 673 So.2d 994, |7997. Thus, in an analysis of vicarious liability for an employee’s tortious acts, the court must consider more than simply whether the employee was in the course and scope of employment at the time of the incident. An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer’s objective. Baumeister at pp. 3-4, 673 So.2d at 996.
In determining whether vicarious liability applies, the court in Baumeister considered the following factors:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee’s duties;
(3) whether the act occurred on the employer’s premises; and
(4)whether it occurred during the hours of employment.
Baumeister at p. 4, 673 So.2d at 996-97.
The supreme court in Baumeister specifically pointed out that it was not holding that all four of these factors must be met before liability may be found, but as previously noted, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer’s premises during working hours. The particular facts of each case must be analyzed to determine whether the employee’s tor-tious conduct was within the course and scope of his employment. Baumeister at p. 4, 673 So.2d at 997.
In its motion for summary judgment, the School Board pointed out that the plaintiff has no proof to support her re-spondeat superior claim against the School Board. The evidence before the court on the motion for summary judgment revealed that the altercation between Mr. Jackson andJ^Ms. Honor began when she caught him touching her personal custodial equipment and she asked him what he was doing. Mr. Jackson began to curse at Ms. Honor and they began to struggle over the equipment. Mr. Jackson pushed Ms. Hon- or and pinned her up against a wall. Ms. Honor offered nothing in opposition to the motion for summary judgment to show that she would be able to carry her burden of proving that Mr. Jackson’s actions were within the ambit of his assigned duties and also in furtherance of his employer’s objective. Because Ms. Honor failed to come forward with any proof that she would be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact, and summary judgment was appropriate.
CONCLUSION
The judgment of the trial court overruling Ms. Honor’s exception of res judicata *37 and granting summary judgment dismissing Ms. Honor’s claims against all parties is affirmed. Costs of this appeal are assessed to plaintiff, Linda Honor.
AFFIRMED.
KUHN, J., concurs, the result is correct.