THERIOT, J.
lain this case arising out -of an automobile accident, the plaintiff appeals a summary judgment dismissing' her claims against the other driver’s employer on the grounds that, that driver was not in the course and scope of her employment at the time of the accident. We affirm.
FACTS AND PROCEDURAL HISTORY
This suit stems from an automobile accident that occurred on the evening of February 27, 2007, when Kristin Herke made an improper left turn into Debra Coston’s lane of travel, striking Ms. Coston’s vehicle. Ms. Coston filed a suit for damages against Ms, Herke and her insurer, and later amended her petition to add the State of Louisiana, through the Office of Student Financial Assistance (“State”), as a defendant, alleging that Ms. Herke was in the course and scope of her employment with the State at the time of the accident.
Ms. Coston was employed by the ARC of Baton Rouge. Subsequent to the accident, she was paid workers’ compensation benefits by the Louisiana Safety'Association of Timbermen — Self Insurers Fund pursuant to a contract between that organization and her employer. The Louisiana Safety Association of Timbermen — Self Insurers Fund, through its chairman Todd' Martin, also filed suit against Ms. Herke, seeking repayment[1] of the workers’ compensation benefits. paid to Ms. Coston. The two suits were later consolidated.
The State filed a motion for summary judgment, seeking to dismiss all claims against it on the grounds that the plaintiffs lacked evidentiary support for a necessary element of their claims, ie., that Ms. Herke: was in the course and scope of her employment with the State at the time of the accident. -In support of this motion, the State offered Ms. Herke’s responses to Ms. | ¡¡Coston’s interrogatories and requests for production of documents as well as Ms. Herke’s affidavit. Ms. Coston filed no written opposition to the motion for summary judgment, but at the hearing on the motion, she offered Ms. Herke’s affidavit, her responses to interrogatories and requests for production of documents, and her deposition. After a hearing, the court *688 granted summary judgment in favor of the State, dismissing all claims against it. Ms. Goston filed.the instant appeal, alleging that there exists a genuine issue of material fact as to whether Ms. Herke was in the course and scope of her employment at the time of the accident, and therefore the trial court erred in granting the State’s motion for summary judgment.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is .no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116, p. 4 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits; if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See La. C.C.P. 966(B).
The burden of proof on a motion for summary judgmént remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on -the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of. the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. | ¿Thereafter, if the adverse party fails to produce factual support sufficient to establish that he 'will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party, to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113; see also La. C.C.P. art. 967(B).[1]
Appellate' courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Janney v. Pearce, 09-2103 (LaApp. 1 Cir. 5/7/10), 40 So.3d 285, 290, writ denied, 10-1356, p. 6 (La.9/24/10), 45 So.3d 1078.
Under Louisiana law, an employer is answerable for the damage occasioned by its servants in the'exercisé of the functions ⅛ which the servant is employed. La. C.C. aft. 2320. Specifically, an employer is liable for its employee’s torts committed if, at the time, the employee was acting within the course and scope of his employment. Timmons v. Silman, *689 1999-3264, p. 4 (La.5/16/00), 761 So.2d 607, 510. An employee is acting within Uthe course and scope of his employment when the employee’s action is “of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Id.
An employee going to or coming from work is generally not considered as acting in the course and scope of employment so as to make the employer liable to third persons for the employee’s negligence. Exceptions may apply when the employer provides, or pays the employee for, transportation to and, from work, or when the operation of the vehicle was incidental to some employment responsibility. White v. Frederick, 44,563, p. 9 (La.App. 2 Cir. 8/19/09), 17 So.3d 1016, 1021-22, writ denied, 2009-2059 (La.11/25/09), 22 So.3d 168.
The following evidence was before the court on the motion for summary judgment: Ms. Herke was employed by the State Office of Student Financial Assistance as a Public Information Officer I. She had been employed in that capacity for approximately one month prior to the accident at issue. In her early employment, her duties included learning about the various types of student financial aid available, and she was sometimes assigned to attend and observe presentations. On the night of the accident, Ms. Herke observed a presentation being given by her coworker at St. Joseph’s Academy in Baton Rouge.[2] The presentation at St. Joseph’s Academy was in the evening, after normal working hours. Ms. Herke drove her own automobile to and from the presentation. Ms. Herke testified in her deposition that she was not required to attend this presentation at St. Joseph’s Academy as part of her employment; she explained, “I had been | (¡assigned to observe a number of other presentations primarily by my supervisor. Because I had gone to St. Joseph’s Academy, my supervisor had suggested that I might want to go just basically to see the academy. You just can’t just walk in sometime and visit it so this would give me an opportunity to take a look at it.” After the presentation coneludéd, Ms. Herke remained at St. Joseph’s Academy fpr twenty to thirty minutes, “marveling at the changes.” When she left St. Joseph’s, she did not go home; _ instead, she headed to a restaurant to meet her coworker and a few of her coworker’s friends “to eat and relax.” The accident occurred while Ms. Herke was on her way to the restaurant, and therefore she never, arrived at the restaurant.
Ms. Herke testified that she did not believe she was in the course and scope of her employment at the time of the accident and that she was not on a mission for anyone other than herself. She further testified that her understanding of her employer’s comp-time policy was that she could apply for comp time for the time spent attending an evening presentation out of the office, such as the one at St. Joseph’s Academy, and if she was going straight home after the presentation, the comp time would continue until she arrived home. However, if she was not going straight home, the comp-time policy provided that any comp time she might receive would end when the presentation ended. She further testified that under her employer’s travel policy, she would not be compensated for her travel expenses to *690 and from the presentation because the presentation was within East. Baton Rouge Parish.
Ms. Coston argues on appeal that because Ms. Herke was going to a testaurant to meet her coworker at the time of the accident, and because Ms. Herke and her coworker might have discussed the presentation at the restaurant if Ms. Herke had ever arrived, Ms. Herke was in the course and 17scope of her employment at the time of the accident. Thus, she maintains that a genuine issue of material fact precludes summary judgment. However, Ms. Co-ston offered no evidence that Ms. Herke’s actions in driving to a restaurant to “eat and relax” were of the kind that she was employed to perform, that they were substantially within the authorized limits of time and space, and that they were activated at least in part by a purpose to serve her employer. Ms. Coston also offered no evidence that Ms. Herke’s travel from the presentation to the restaurant could have been paid for by her. employer so as to fit within the exception to the general rule that travel to and from work is outside the course and scope of employment. The only evidence on this issue supported the defense’s assertion that Ms. Herke was not eligible for comp time and that her travel expenses would not be reimbursed because, the travel was within East Baton Rouge Parish... Thus, summary judgment was appropriate in this matter. .
CONCLUSION
The summary judgment to this matter dismissing claims against the State is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Debra A. Coston.
AFFIRMED.

. Louisiana Code of Civil Procedure article 967(B) provides:
When a motion for summary judgment is máde and supported as provided above, an ■ adverse party may not rest on the mere allegations or denials of his pleading, but his response, by, affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. ' If he does not so respond, summary judgment, if appropriate, shall be rendered against him-

. Although Ms. Herke’s Answer to Interrogatories states, "I [had] given a talk to St. Joseph's Academy and was coming from there going to a restaurant when the accident took place,” she explained in her deposition testimony that the answers were prepared by her attorney’s office and that the presentation was in fact given by her coworker.