STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CA 0246

LAURIE B. HEBERT, INDIVIDUALLY
AND KEVIN HEBERT, INDIVIDUALLY
AND ON BEHALF OF HIS MINOR SON,
ROBERT SETH HEBERT

VERSUS

LOUISIANA STATE UNIVERSITY SYSTEM
BOARD OF SUPERVISORS THROUGH
LOUISIANA STATE UNIVERSITY AND
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

Judgment Rendered: **NOV 07 2025**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 653161

The Honorable Kelly Balfour, Judge Presiding

* * * * *

Kevin L. Camel
Tyler S. Rasbeary
Lake Charles, Louisiana

Attorneys for Plaintiffs-Appellants,
Laurie B. Hebert, Individually, and
Kevin Hebert, Individually and on
Behalf of his Minor Son, Robert
Seth Hebert

Brian T. Butler
C. Reynolds LeBlanc
Baton Rouge, Louisiana

Attorneys for Defendants-Appellees,
Louisiana State University System Board
of Supervisors Through Louisiana State
University and Travelers Indemnity
Company of Connecticut

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The plaintiffs, Laurie B. Hebert, individually, and Kevin Hebert, individually and on behalf of his minor son, Robert Seth Hebert, appeal a summary judgment granted in favor of the defendants, Louisiana State University System Board of Supervisors through Louisiana State University ("LSU") and Travelers Indemnity Company of Connecticut ("Travelers"), dismissing the plaintiffs' claims against LSU and Travelers with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 2, 2016, Ms. Hebert was attending her nephew's wedding at the LSU Hilltop Arboretum facility on Highland Road in Baton Rouge, Louisiana. Before the wedding, Ms. Hebert went to the ladies' restroom located in the outdoor pavilion area. The door to the restroom is controlled by an automatic door closer. As Ms. Hebert pushed the door open to exit the restroom, the door began to close unexpectedly with what Ms. Hebert perceived to be an excessive force, as if someone was pushing back against the door. Ms. Hebert attempted to hold the door open, but her right index finger slid near the hinge. Her finger was severed near the first joint when the door shut suddenly. The plaintiffs filed a petition seeking damages for personal injuries against LSU, Friends of Hilltop Arboretum, LLC ("Friends"), and insurer, Travelers, alleging that the automatic door closer installed on the restroom door was not adjusted properly and was therefore defective at the time of the accident.

The primary purpose of the Hilltop Arboretum is educational. LSU owns the fourteen-acre Hilltop Arboretum and leases exclusive use of the gift shop and office to Friends, a non-profit organization whose mission is to provide a natural sanctuary for students and visitors to learn about trees and plants native to Louisiana. Friends operates the Hilltop Arboretum and is entitled to non-exclusive use of the entire facility. LSU provides utilities, maintenance, and general custodial services for the Hilltop Arboretum, and has priority for use of the facility for various programs,

2

classes, schools, and colleges at LSU. Management of the Hilltop Arboretum is provided by the LSU School of Landscape Architecture and an LSU employee/director, Peggy Coates. The Hilltop Arboretum facility is open to the public and is available to rent for special events, such as weddings, receptions, and parties, which Friends provides event workers for and coordinates. An administrative assistant for Friends, Amy Hughes, booked the wedding that Ms. Hebert was attending on April 2, 2016.

The associate director for LSU facilities maintenance department, Robert H. Benton, Jr., Ms. Coates, and Ms. Hughes all attested in affidavits and depositions that, prior to Ms. Hebert's injury, they were not aware of any other incidents or complaints about the ladies' restroom door closing too fast. Additionally, they all three verified that Friends was not responsible for inspection or maintenance at the Hilltop Arboretum; rather, that was the responsibility of the LSU maintenance department. Mr. Benton explained that LSU did not have a schedule for checking the automatic door closers at the Hilltop Arboretum and that LSU maintenance made door adjustments only in response to requests for an adjustment or a report that a door was not closing properly. Ms. Coates was notified of the incident, and, on April 5, 2016, the next business day after Ms. Hebert was injured, she generated a work order for maintenance to adjust the door closer. According to Mr. Benton, the work order was completed on April 6, 2016, by adjusting the door to close slower even though the door was closing within the door closer manufacturer's acceptable parameters on that date.

All of the plaintiffs' claims against Friends were dismissed pursuant to a partial summary judgment signed by the trial court on March 4, 2021. That judgment was not appealed. On August 5, 2021, Travelers filed a motion for summary judgment seeking the dismissal of the plaintiffs' claims against it, maintaining that it did not directly insure LSU because its commercial insurance policy was issued to Friends. The plaintiffs and LSU opposed Travelers' motion, contending that the

3

policy of insurance afforded coverage to LSU as an additional insured under the policy issued to Friends.[1] The trial court granted Travelers' motion for summary judgment and dismissed all of the plaintiffs' claims against Travelers on June 29, 2022. The plaintiffs and LSU appealed and this court reversed that summary judgment, finding that the Travelers' policy provided coverage to LSU for the plaintiffs' claims. See **Hebert v. Louisiana State University System Board of Supervisors**, 2022-0942 (La. App. 1st Cir. 2/24/23), 361 So.3d 517, 527-528.

After more discovery, LSU and Travelers filed a joint motion for summary judgment on July 12, 2024, seeking to dismiss all of the plaintiffs' claims because the plaintiffs possessed no evidence to prove that the door or any of its component parts were defective, or that the alleged defect presented an unreasonable risk of harm at the time of the accident. LSU and Travelers further claimed that the plaintiffs could not meet their burden of proving that LSU had actual or constructive notice of the condition that allegedly caused Ms. Hebert's injury. LSU also argued that it was entitled to discretionary immunity under La. R.S. 9:2798.1 and recreational use immunity pursuant to La. R.S. 9:2795.[2]

The plaintiffs opposed the motion for summary judgment, maintaining that material issues of fact exist surrounding LSU's duty to maintain and adjust automatic

---

[1] LSU also filed a motion for summary judgment, which was denied by the trial court on June 28, 2022. This court denied LSU's application for a supervisory writ in connection with that motion. The designated record does not contain more information about LSU's first motion for summary judgment. The plaintiffs argue, however, that LSU's second motion for summary judgment is the same as the first motion and that the second motion should have been denied as well, pursuant to the law of the case doctrine. We find no merit to this argument since the denial of an initial motion for summary judgment is interlocutory and does not bar a second motion for summary judgment. See **Honor v. Tangipahoa Parish School Board**, 2013-0298 (La. App. 1st Cir. 11/1/13), 136 So.3d 31, 34, writ denied, 2014-0008 (La. 2/18/14), 134 So.3d 1181.

[2] Attached to LSU and Travelers' motion for summary judgment were the following exhibits offered in support of their motion, without objection: (1) The plaintiffs' petition for damages; (2) Excerpts from Ms. Hebert's January 23, 2018 deposition; (3) Excerpts from Ms. Hebert's February 16, 2024 deposition; (4) Affidavit of the Director of Hilltop Arboretum, Peggy Coates, along with excerpts from her August 8, 2019 deposition; (5) Affidavit of LSU Maintenance Supervisor, Robert H. Benton, Jr., along with excerpts from his August 8, 2019 deposition; (6) Deposition testimony of the plaintiffs' expert professional engineer, Charles R. Norman, taken on August 24, 2021, and May 14, 2024; and (7) Affidavit of the Administrative Assistant for Friends, Amy Hughes, along with excerpts from her November 19, 2020 deposition.

door closers, as well as whether LSU acknowledged, by adjusting the door closer a few days later, that the door closer at issue was defective in that it allowed the door to close too fast on the day of Ms. Hebert's injury.[3] After a hearing, the trial court rendered judgment on October 16, 2024, granting summary judgment in favor of LSU and Travelers and dismissing, with prejudice, all of the plaintiffs' claims against LSU and Travelers. From this judgment, the plaintiffs have appealed.

## LAW AND ANALYSIS

Appellate courts review rulings on motions for summary judgment *de novo* using the same criteria applied by trial courts to determine whether summary judgment is appropriate. **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 471; **Hebert v. St. Mary Parish**, 2023-1099 (La. App. 1st Cir. 4/19/24), 390 So.3d 388, 393, <u>writ denied</u>, 2024-00642 (La. 9/24/24), 32 So.3d 1145. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. Code Civ. P. art. 966(D)(1).

At that point, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the

---

[3] In their opposition to the motion for summary judgment, the plaintiffs relied on the following exhibits, without objection: (1) The affidavit and expert report (dated March 12, 2019) by their expert professional engineer, Charles R. Norman, as well as the depositions of Mr. Norman taken on August 24, 2021, and May 14, 2024; (2) The August 8, 2019 deposition of LSU Maintenance Supervisor, Robert H. Benton; and (3) The deposition of plaintiff, Ms. Hebert, given on February 16, 2024.

mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). See **Hebert**, 390 So.3d at 394; and **Goodson v. City of Zachary**, 2021-0240 (La. App. 1st Cir. 12/10/21), 341 So.3d 44, 48. When a motion for summary judgment is made and supported as provided in La. Code Civ. P. art. 967(A),[4] an adverse party may not rest on the mere allegations or denials of her pleading, but her response, by affidavits or as otherwise provided in La. Code Civ. P. art. 967(A), must set forth specific facts showing that there is a genuine issue for trial. La. Code Civ. P. art. 967(B). If she does not so respond, summary judgment, if appropriate shall be rendered against her. See **Farrell**, 359 So.3d at 472; and **Hebert**, 390 So.3d at 394.

A fact is material if it potentially insures or precludes recovery, affects a litigant's success, or determines the outcome of a legal dispute. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-766. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. **Id.** Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Johnson v Knight**, 2023-1267 (La. App. 1st Cir. 6/14/24), 391 So.3d 1126, 1129. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact. **Id.** at 1132.

The plaintiffs claim that LSU, as owner of the Hilltop Arboretum, owed Ms. Hebert a duty to protect her from the injury she sustained by the alleged hazardous condition of the automatic door closer on the ladies' restroom door, and that duty was breached. In general, an owner of a facility has the duty of exercising reasonable

---

[4] Louisiana Code of Civil Procedure article 967(A) provides in part that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

care for the safety of persons on the premises and the duty of not exposing such persons to unreasonable risks of harm. **Mundy v. Dept. of Health and Human Resources**, 620 So.2d 811, 813 (La. 1993). The plaintiffs' claims are based on La. Civ. Code arts. 2317 and 2317.1, as limited by La. R.S. 9:2800. Louisiana Civil Code article 2317 provides in part that we are responsible for that which is caused by the things which we have in our custody. However, La. Civ. Code art. 2317.1 modifies Article 2317 to further require proof that: (1) the owner or custodian of a defective thing has knowledge of the defect, (2) the damage could have been prevented by the exercise of reasonable care, and (3) the owner or custodian failed to exercise reasonable care. **Hebert**, 390 So.3d at 394. Custodial liability under Article 2317 is further limited as to public entities such as LSU by La. R.S. 9:2800, which requires additional proof that the public entity[5] had actual or constructive notice of the defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to repair the defect and has failed to do so. See La. R.S. 9:2800(C); **Hebert**, 390 So.3d at 394.

As such, in order to prove that LSU is liable for damages caused by the condition of a thing (the exterior door and/or automatic door closer on the ladies' restroom in the pavilion at the Hilltop Arboretum), the plaintiffs must establish: (1) custody or ownership of the defective thing by LSU; (2) the condition of the thing created an unreasonable risk of harm; (3) LSU had actual or constructive notice of the particular condition that created the risk of harm; (4) LSU failed to take corrective action within a reasonable time; and (5) the defective thing was a cause-in-fact of Ms. Hebert's injury. Failure to meet any of these statutory requirements will defeat a claim against a public entity such as LSU. See **Hebert**, 390 So.3d at 394-395.

---

[5] "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, intrumentalities, officials, employees, and political subdivisions. See La. R.S. 9:2800(G)(1). It is undisputed that LSU is a public entity.

7

LSU and Travelers argue that the plaintiffs' claims fail because they have no evidence to show that the door or any of its component parts were defective at the time of the accident. They also maintain that the plaintiffs cannot meet their burden of proof to establish that LSU had actual or constructive notice of the allegedly defective condition that caused Ms. Hebert's injury or that LSU failed to take corrective action within a reasonable time. LSU relies on the statements made by Mr. Benton, Ms. Coates, and Ms. Hughes, all indicating that there had never been any complaints about the door closing too fast or any other problem with the door until Ms. Hebert was injured. Once notified of the incident, LSU maintenance department sent a repair master technician to inspect the door the next day, which was within four days of Ms. Hebert's accident. The technician found that the door closer was operating within the proper parameters when the door closed, but because the work order stated that the door closer should be slower, the technician made an adjustment to slow it down.

The plaintiffs retained an expert professional engineer, Mr. Norman, who inspected the door at the Hilltop Arboretum on November 17, 2017, over nineteen months after Ms. Hebert was injured. On that date, Mr. Norman found that the door was closing too fast, was out of adjustment, and had been improperly maintained. However, Mr. Norman could not pinpoint any code or regulation that specified that the rate of closure he measured on the date of his inspection was too fast. The plaintiffs rely on Mr. Norman's expert opinion that LSU's failure to have a routine inspection plan for doors with automatic door closers prevented LSU from discovering the defective condition of the door in that it was closing with too much force. Mr. Norman testified that the door closer manufacturer's guidelines recommend inspection and adjustments every six months. Based on his inspection, Mr. Norman concluded that Ms. Hebert's injury was caused by improper maintenance and adjustments to the door closer.

However, LSU and Travelers point out that Mr. Norman's opinion is pure speculation because he admits that while he believes the door closer was adjusted improperly, he does not know what the actual condition of the door closer was on the date of Ms. Hebert's accident. Also, Mr. Norman did not have any evidence of any incidents with the door prior to Ms. Hebert's accident. Based on our *de novo* review of the evidence offered in support of and in opposition to LSU and Travelers' joint motion for summary judgment, we find no error in the judgment of the trial court. We conclude that the motion for summary judgment is amply supported. The undisputed material facts reveal that the plaintiffs have no evidence to show that the condition of the door at the time of the accident created an unreasonable risk of harm. Nor do the plaintiffs have evidence that LSU had actual or constructive knowledge of the particular condition that the plaintiffs assert created an unreasonable risk of harm. Further, once LSU was aware of the accident, a repair technician was sent to adjust the door closer to allow the door to close a little slower, even though the rate of closure for the door was within acceptable parameters a few days after the accident. Therefore, the plaintiffs do not have evidence that LSU failed to take corrective action within a reasonable time. In short, the plaintiffs failed to demonstrate that they would be able to meet their burden of proof at trial. The plaintiffs' expert merely asserts a theory of causation for Ms. Hebert's unfortunate accident.

The existence of a defective condition cannot be inferred solely from the fact that an accident occurred, and it takes more than the existence of a mere factual possibility to defeat summary judgment. See **Todd v. State Through Dept. of Social Services, Office of Community Services**, 96-3090 (La. 9/9/97), 699 So.2d 35, 43 ("Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim.") See also **Jefferson v. Nichols State University**, 2019-1137 (La. App. 1st Cir. 5/11/20), 311 So.3d 1083, 1086-1087, writ denied, 2020-00779 (La. 11/4/20), 303 So.3d 623; and **Encalade v.**

9

**A.H.G. Solutions, LLC**, 2016-0357 (La. App. 4th Cir. 11/16/16), 204 So.3d 661, 668. Furthermore, the absence of a plan of inspection in no way shows or implies that a public entity has actual or constructive knowledge of a dangerous defect or condition. The opposite is true; in the absence of other facts such as recorded complaints about a defect or hazard, the lack of a plan of inspection implies that the public entity has no knowledge of dangerous defects or conditions. See **Jones v. Hawkins**, 98-1259 (La. 3/19/99), 731 So.2d 216, 220. Thus, in light of the absence of prior accidents, reports, or complaints to LSU or the Hilltop Arboretum involving the ladies' restroom door closing dangerously fast, we find that summary judgment was proper. Given our decision, we pretermit discussion of LSU's entitlement to immunity under these particular facts.

## CONCLUSION

For the stated reasons, we affirm the trial court's October 16, 2024 judgment granting summary judgment in favor of the defendants-appellees, Louisiana State University System Board of Supervisors through Louisiana State University and Travelers Indemnity Company of Connecticut, and dismissing all claims against them by the plaintiffs-appellants, Laurie B. Hebert, individually, and Kevin Hebert, individually and on behalf of his minor son, Robert Seth Hebert. Costs of this appeal are assessed against the plaintiffs-appellants.

**AFFIRMED.**