McDonald, j.
 

 I ¡.This is an appeal of a grant of a motion for summary judgment on behalf of the defendant, St. Tammany Parish School Board. For the following reasons the judgment is reversed, and the matter is remanded to the trial court.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 Xavier Coleman was a fourth grade student at Little Oak Middle School in St. Tammany Parish in March 2003. On
 
 *646
 
 March 12, 2003, Xavier and another student, Matthew, were both trying to get a ball that had rolled between them in physical education class. Xavier got the ball and passed it, Matthew shoved Xavier, Xavier punched Matthew, and the teacher intervened and put Matthew on the bench for the rest of the game. After class, Matthew told Xavier that he was going to “beat him up at lunch time tomorrow.” Xavier reported the incident to his mother at home that night. The next day, Thursday, March 13, 2003, Xavier’s mother, Terese Coleman, went to the school at lunchtime. In spite of Mrs. Coleman’s presence, Matthew and a group of his friends again threatened to beat Xavier. Mrs. Coleman reported this to the school’s assistant principal, Mr. Heneg, who assured her that he would take care of the problem.
 

 Mr. Heneg called Matthew and Xavier into his office and discussed the matter with them. However, Matthew and the same group of his friends continued to threaten Xavier. Mrs. Coleman called the disciplinarian of the St. Tammany Parish School System to discuss the problem, who advised that she would discuss it with Mr. Heneg. As the threats continued, Mrs. Coleman also reported them to a fourth grade teacher at Little Oak, Mrs. Holmes, and asked her to speak with the boys. She also reported the continuing daily threats again to Mr. Heneg, who again advised that he would take care of it.
 

 On March 19, 2003, one of Matthew’s friends, Warren, did attack Xavier on the playground at lunchtime. The bell rang ending lunch and the attack, and | ¡¡Xavier went to class. That night he went to the emergency room for treatment. On March 3, 2004, a petition for damages was filed by Terese Coleman and Sanders Coleman III,
 
 [1]
 
 on behalf of Xavier, for physical and mental pain and suffering and medical expenses. On June 27, 2007, the defendant filed a motion for summary judgment, which was set and then continued twice before being heard on January 23, 2008. The trial court granted the defendant’s motion for summary judgment. The plaintiffs appeal, asserting the trial court erred in granting the summary judgment because there are genuine issues of material fact. The plaintiffs also maintain that there is evidence supporting a finding that the school board was negligent in providing supervision, and that negligence was a causal factor in Xavier’s injury.
 
 [2]
 

 LAW AND ANALYSIS
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B);
 
 Gootee Construct, Inc. v. Amwest Sur. Ins. Co.,
 
 03-0144, p. 3 (La.10/10/03), 856 So.2d 1203, 1205. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Appellate review of a grant of a motion for summary judgment is
 
 de novo,
 
 and the
 
 *647
 
 appeal court uses the same criteria as the trial court in determining whether summary judgment is appropriate — whether there is a genuine issue of material fact and whether mover |4is entitled to judgment as a matter of law.
 
 Jones v. Estate of Santiago,
 
 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
 

 The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Id.
 
 A “genuine issue” is a “triable issue.” An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.
 
 Smith v. Our Lady of the Lake Hospital, Inc.
 
 93-2512, (La.7/5/94), 639 So.2d 730, 751.
 

 The theory of recovery in this matter is governed by La. C.C. art. 2315, requiring any act causing damage to another to be repaired by him whose fault it is and La. C.C. art. 2320, providing that teachers and artisans are answerable for the damage caused by their scholars and apprentices, while under their supervision. The supreme court has articulated the correct standard of liability of a school board for the actions of its students under La. C.C. art. 2320 in
 
 Wallmuth v. Rapides Parish School Board,
 
 01-1779, 1780, p. 8 (La.4/3/02), 813 So.2d 341, 346.
 

 A school board, through its agents and teachers, owes a duty of reasonable supervision over students. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision.
 

 Before liability can be imposed upon a school board for failure to adequately supervise the safety of students, there must be proof of negligence in providing supervision and also proof of a causal connection between the lack of supervision and the accident.... Furthermore, before a school board can be found to have breached the |fiduty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. [Citations omitted]
 

 The defendant argues that the injury to Xavier here was not foreseeable and could not have been prevented absent constant supervision. It posits that in the cases where the school board has been held liable there was evidence that the school board had advance notice of the specific conduct, including time and place, but took no steps to prevent that conduct. It emphasized that Xavier was injured by Warren and that the plaintiff did not present any evidence that the school board had any advance notice that Xavier and Warren would become involved in an altercation.
 

 In granting summary judgment, the trial court correctly noted that the jurisprudence has established that a school board cannot be responsible for supervising every student 100 percent of the time. However, our review of this record does not lead us to conclude that would have
 
 *648
 
 been required to prevent the injury to Xavier. We do not agree that the attack on Xavier by Warren was not foreseeable because the reported problem was between Matthew and Xavier. Mrs. Coleman’s deposition indicates that the problem reported was with Matthew and his specific group of friends, one of whom was Warren. We find that there is a genuine issue as to whether Xavier’s injury by Warren was foreseeable.
 

 Further, there is no evidence of what action, if any, was taken in response to the reported threats. Xavier’s deposition indicates that he and Matthew were called into Mr. Heneg’s office, and he asked them each to tell their side of the story. Apparently, this action was taken in response to the initial incident in physical education class. There is no indication that any response was made to Terese Coleman’s report that a group of boys were threatening to harm her son. The jurisprudence clearly establishes that the requisite supervision by the school of its | (¡students is “reasonable, competent supervision appropriate to the age of the children and the attendant circumstances.” We do not agree that the law requires that before a school board can be found liable it must receive specific notice, including the conduct, time and place. In
 
 Wallmuth, supra.,
 
 the supreme court states that the risk of injury must be “foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised.” The requisite supervision is dependent on the attendant circumstances.
 

 The defendant did not submit any evidence regarding the supervision exercised. The law relating to summary judgment provides that the initial burden of proof is with the mover. La. C.C.P. art. 966(C)(2). It is clear from the law and jurisprudence that the mover has the burden of proof and it is only after the motion has been made and properly supported that the burden shifts to the non-moving party. When a motion for summary judgment is not properly supported, the opposing party may rely on the mere allegations of his - pleadings to demonstrate that a genuine issue of material fact exists.
 
 Pugh v. St. Tammany Parish School Board,
 
 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 99. In this case, the plaintiffs’ petition alleged that the proximate cause of Xavier’s injury was the negligence of the defendant and its employees for several specified reasons, one of which was failure to have sufficient supervision. The defendant did not submit any supporting documentation to make a showing that the supervision exercised here was reasonable and competent under the circumstances. We find that the defendant did not meet its burden of proof, there is a triable issue on the fact of the adequacy of the defendant’s supervision, and they are not entitled to summary judgment as a matter of law.
 

 CONCLUSION
 

 Based on the foregoing, the judgment granting the motion for summary judgment and dismissing plaintiffs’ claims is reversed, and the matter is remanded [7to the trial court for further action. Costs of this appeal are assessed to the defendant.
 

 REVERSED AND REMANDED.
 

 HUGHES, J., concurs.
 

 [1]
 

 . Two petitions were filed, one by Sanders Coleman, III, and one by Terese Coleman and Sanders Coleman, III. The two matters were consolidated.
 

 [2]
 

 . We do not find evidence in this record that the school board was negligent and that the negligence was a causal factor in Xavier’s injury. However, while the plaintiffs will be required to prove that negligence to prevail in this matter, in a motion for summary judgment, the mover has the burden of proof.