CRAIN, J.
lain this workers’ compensation proceeding, the claimant appeals two judgments— a partial summary judgment finding that he is not entitled to reimbursement for travel expenses incurred in connection with certain medical treatment, and a judgment after trial on the merits that dismissed his additional claims for mileage reimbursement, penalties, and attorney fees. To be resolved is whether the employer, in seeking a summary, judgment dismissing an employee’s claim for travel expenses incurred pursuing medical treatment necessitated by a work-related accident under Louisiana .Revised Statute 23:1203D, meets his burden of proof by pointing out that the medical treatment was rendered in a city where the employee does not reside. We find that allegation, alone, insufficient to shift the burden to the plaintiff to prove the travel was “reasonably and necessarily incurred” under Section 23:1203D. Therefore, we reverse the partial summary judgment, vacate the judgment on the merits, and remand for further proceedings.
FACTS
Clint Rogillio sustained a work-related injury during his employment with SNL Distribution Services Corporation. Rogil-lio, who lives in Baker, Louisiana, received medical treatment for his injury from two physicians located in Lafayette. SNL does not dispute that it paid for the medical treatment and, for a period of time, reimbursed Rogillio for his travel expenses between Baker and Lafayette. However, SNL eventually stopped paying the requested travel expenses, prompting RogiJ-lio to file a disputed claim for compensation seeking recovery of those expenses, plus penalties and attorney fees;
Rogillio alleges that the defendants failed to pay mileage expenses itemized in several written requests that were forwarded from November 20, 2012 through Is January 7, 2014.[1] The parties do not dispute that some of the requests included mileage for' trips to Lafayette for medieal treatment.[2] Rogillio later amended his claim' to allege that the defendants also failed to pay an outstanding medical bill in accordance with a previous settlement between the parties.
SNL filed a motion for partial summary judgment assorting that'it is not obligated to pay mileage-reimbursement for Rogil-lio’s travel between Baker and Lafayette because those expenses were not “reasonably and necessarily” incurred. Defendant argued that Rogillio does not have to travel to Lafayette because treatment within the same medical specialties is available in his “geographical region.” SNL also requested a credit for any mileage reimbursements previously paid to Rogillio for travel between Baker and Lafayette.
•SNL did not support the summary judgment motion with affidavits or any other evidence. Rather, it simply pointed out that Rogillio’s claim seeks reimbursement for travel expenses incurred for medical treatment rendered in Lafayette, when he lives in Baker. Based upon that information, alone, defendant argues it is not liable for the travel expenses, citing Dupree v. International House of Pancakes, 05-1021 (La.App. 1 Cir. 5/5/06), 934 So.2d 183, *712 where this court affirmed the denial of expenses claimed by an injured employee who traveled between Baton Rouge and New Orleans for medical treatment.
In opposition to the motion, Rogillio relied on Louisiana Revised Statute 23:1203D, which obligates the employer to reimburse an injured employee for “mileage reasonably and necessarily traveled” to obtain medical treatment that the employer is required to furnish. Rogillio stressed that defendant’s motion was not Lsupported by any evidence, particularly evidence establishing that traveling from Baker to Lafayette for medical treatment was not reasonable and necessary. Rogil-lio distinguished Dupree. on factual grounds and emphasized that SNL never objected to him treating with the two physicians in Lafayette and previously paid the mileage expense associated with that treatment. As a consequence, according to Rogillio, he developed a close relationship with both physicians. Rogillio also opposed defendant’s request for a credit for prior payments for travel to Lafayette, arguing that mileage is a medical expense and cannot form the basis of a credit under the workers’ compensation act. Rogillio offered his affidavit attesting to the relevant travel for his medical treatment and the associated requests for payment, along with the affidavit of his counsel’s secretary, who attested to the partial payments received in response to those requests.
The workers compensation judge (WCJ) ruled in favor of SNL, finding that Dupree controlled because “appropriate treatment within the medical specialties was available in claimant’s much closer Baton Rouge geographical area.” The WCJ further found the defendant entitled to a credit for past mileage payments, but reserved any determination of the amount of the credit until the trial. A judgment to that effect was signed pn June 3, 2015.
A trial date was set for the remaining claims, which included Rogillio’s claim for mileage other than travel to Lafayette, a claim for an unpaid medical bill, and related claims for penalties and attorney fees. On the day of trial, counsel agreed in open court to submit the matter based on exhibits. With respect to the claim for the unpaid medical bill, counsel for defendant acknowledged that the bill was initially overlooked but was paid prior to trial, and that defendant tendered the maximum penalty of $3,000.00 and an attorney fee of $500.00 in connection with that claim. As to Rogillio’s claim for other mileage ex-, penses and the | ¿determination of the credit due to defendant, both parties admitted numerous exhibits, most of which documented Rogillio’s prior requests for mileage payments and the payments that were tendered by defendant.
The WCJ ruled in favor of SNL, finding no additional mileage owed to Rogillio because the amount of the credit for previous payments for mileage between Baker and Lafayette exceeded the amount of the remaining mileage payments requested by Rogillio. The WCJ further found no penalties or attorney fees were owed for the unpaid mileage claim, and that the $3,000.00 penalty and $500.00 attorney fee tendered for the late paid medical bill were sufficient. A judgment to that effect was signed on June 16, 2015.
Rogillio appeals both the partial- summary judgment and the judgment rendered after trial on the merits, assigning as error the granting of the partial summary judgment, the denial of his claim for penalties and attorney fees, and the award of a credit to SNL and Avizent.[3]
*713 DISCUSSION
In his first assignment of error, Rogillio contends that the WCJ erred in granting the partial summary judgment because SNL did not meet its burden of proof. A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is (entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966B(2).[4] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary.judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof is on the mover. See La. Code Civ. Pro. art. 966C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. Civ.Code art. 966C(2). Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this- burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. Pro. art; 966C(2); Cason v. Saniford, 13-1825 (La.App, 1 Cir. 6/6/14), 148 So.3d 8, 11, writ denied, 14-1431 (La.10/24/14), 151 So.3d 602.
The provisions in Article 966 specifying the applicable burdens of proof in a motion for summary judgment were added to the article by an amendment in 1997. See 1997 La. Acts No. 483, § 1. That amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover, who can ordinarily meet that burden j 7by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case, Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, 883; Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 39. In Celotex, the Supreme Court observed:
Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court' of the basis for its motion, and identifying those portions of “the. pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,” which it be *714 lieves demonstrate the absence of a genuine issue of material fact.
Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553 (quoting version of Federal Rule of Civil Procedure 56(c) in effect at that time). It is only after the motion has been made and properly supported that the burden shifts to the nonmoving party. Coleman v. St. Tammany Parish School Board, 08-1979 (La.App. 1 Cir. 5/8/09), 13 So.3d 644, 648. When a motion is not properly supported, the opposing party may rely on the mere allegations, of his pleading to demonstrate that a genuine issue of material fact exists. Coleman, 13 So.3d at 648.
Because SNL is the mover, it has the initial burden of proof pursuant to Article-966C(2). However, as defendant, it will not bear the burden of proof on the reimbursement claim at trial. Therefore, SNL is required to point out an absence of factual support for one or more elements essential to Rogillio’s reimbursement claim. See La. Code Civ. Pro. art. 966C(2); Pugh v. St. Tammany Parish School Board, 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 98, writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113. SNL argues that it satisfied this burden of proof by pointing out that Rogillio lives in Baker and claims travel expenses incurred to receive medical treatment in Lafayette. Citing Dupree, SNL argues that Rogillio is precluded by law from recovering these travel expenses because treatment within the same medical specialty is available in his “geographical region.”
To determine whether the allegation in Rogillio’s claim is sufficient to meet defendant’s burden of proof, we must decide whether the geographical location of Rogillio’s medical treatment is an essential element to his claim for reimbursement of travel expenses under Subsection 23:1203D. See La. Code Civ. Pro. art. 966C(2); Samaha, 977 So.2d at 883; Babin, 764 So.2d at 39. Stated differently, for defendant to satisfy its burden of proof on summary judgment,, the fact that Rogillio lives in Baker and treats in Lafayette must be dispositive, if unchallenged, of his ability to prevail at trial. See Samaha, 977 So.2d at 884. We find that more is required for defendant to shift the burden of proof to plaintiff on- summary judgment.
'Subsection 23:1203D allows recovery of expenses “for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services ... which the employer is required to furnish under this Section.” The rate of reimbursement is the same rate per mile applicable to the reimbursement of a state employee for use of his personal vehicle on state business. See La. R.S. 23:1203D; La. Admin. Code 4:V:1504.C.2(b). Although the statute requires the travel expense to be “reasonably and necessarily incurred,” Subsection 23:1203D makes' no mention of the “geographical region”- within which medical treatment is sought and does not expressly preclude recovery if the employee travels outside his geographical region to receive treatment.
SNL argues that this geographical restriction was jurisprudentially incorporated into the statute in Dupree, where a claimant who lived in Baton Rouge sought reimbursement of travel expenses incurred for medical treatment in New Orleans. See Dupree, 934 So.2d at 186-87. In that case, the evidence at trial established that the employee’s husband advised the employer that he attended school in New Orleans and would provide transportation for his wife to New Orleans for orthopedic care, implying that the employee would incur no additional expense in attending her doctor appointments. The evidence further demonstrated that orthopedic surgeons in Baton Rouge could have treated *715 the claimant, but she consulted the New Orleans physicians based on her unsubstantiated assumption that Baton Rouge physicians would be “prejudiced” against her. See Dupree, 934 So.2d at 186-87. Based upon this evidence, the WCJ refused to award travel expenses for the mileage between Baton, Rouge and New Orleans, finding the expenses had not been reasonably and necessarily incurred, “as appropriate treatment within that medical specialty was available in her geographical area.” Dupree, 934 So.2d at 187. Reviewing the case on appeal after trial on the merits, this court held that the WCJ’s determination that the mileage expenses were not reasonably and necessarily incurred was a “factual finding” that was “supported by record” and was not manifestly erroneous. Dupree, 934 So.2d at 187.
We do not construe Dupree to hold that travel expenses for medical treatment in another “geographical area” are, on that basis alone, per se unreasonable and unnecessary.[5] To the contrary, Du-pree confirms that the reasonableness and necessity of an employee’s travel for medical treatment is a factual determination that depends upon the circumstances of each case. The location of the treatment and the availability of closer alternatives may be factors to consider in that determination, but a multitude of facts may bear on an employee’s decision to seek medical treatment from a particular healthcare provider at a certain location, and on the ultimate determination of whether such was “reasonable and necessary.”
To shift the burden of proof in this circumstance, the mover must offer some evidence of the employee’s rationale against which to measure the reasonableness 11fland necessity of the travel. SNL merely points out that Rogillio sought medical treatment in a city where he does not reside. That fact, alone, is not dispositive of his claim for travel expenses under Subsection 23:1203D. Therefore, we find that SNL failed to meet its initial burden of proof, and the WCJ erred in granting the partial motion for summary judgment. See La. Code Civ. Pro. art. 966C(2); Pugh, 994 So.2d at 100 (mover who relied solely on allegations in the petition failed to support its motion by identifying those portions of the pleadings that showed no genuine issue of material fact); see also Coleman, 13 So.3d at 648 (mover who did not submit supporting documentation to show that supervision by school officials was reasonable did not meet its burden of proof).
The partial summary judgment is reversed, and the judgment rendered after the trial on the merits, which determined the amount of the credit due to SNL and dismissed Rogillio’s remaining claims, is vacated. Adjudication of the issues involving any credit due to' SNL, penalties and attorney fees, is premature until there is a final disposition of Rogillio’s claim for travel expenses incurred between Baker and Lafayette.
CONCLUSION
We reverse the partial summary judgment signed on June ,3, 2016, vacate the June 16, 2015 judgment rendered after the trial on the merits, and remand for further proceedings in accordance' 'herewith. Costs of this appeal are assessed to SNL Distribution Services Corporation and Av-izent.
*716 JUNE 3, 2015 PARTIAL SUMMARY JUDGMENT REVERSED; JUNE 16, 2015 JUDGMENT VACATED; CASE REMANDED.

. The requests were forwarded to SNL's insurer, Avizent, who is also a named defendant herein. SNL and Avizent will be collectively referred to as "SNL” or “defendant.”

. The claim states that the written requests are attached thereto, but the record on appeal does not contain any attachments to the claim. Copies of the requests do appear elsewhere in the record, and the parties do not dispute the content of the requests.

. The partial summary judgment is a partial final judgment from which no right to appeal exists absent a designation by the WCJ. See La. Code Civ. Pro arts. 1911B and 1915B, *713 However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Dean v. Griffin Crane & Steel, Inc., 05-1226 (La.App. 1 Cir. 5/5/06), 935 So.2d 186, 189, n. 3, writ denied, 06-1334 (La.9/22/06), 937 So.2d 387.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2.015, Ho. 422, § 1, with an, effective date of , January 1, 2016. The aménded version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. We note that the phrase “geographical area” is not defined in Dupree and appears only once in the opinion.