PENZATO, J.
This is an appeal from a trial court judgment granting a motion for summary judgment in favor of the defendants/appellees. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
This case involves a medical malpractice claim arising from the death of John D. Cryer, Sr. on October 13, 2012, at North Oaks Health System. His daughter, Thelma Cryer, individually and on behalf of her deceased father, filed a petition for damages against Tangi Pines Nursing Center, LLC, and Rebecca Moore, Nursing Director of Tangi Pines Nursing Center.[1] Plaintiff's petition alleged that prior to his death, Mr. Cryer resided at Tangi Pines Nursing Center. According to the petition, at Ms. Cryer's insistence, Mr. Cryer was transferred to Hood Memorial Hospital, and ultimately North Oaks Health System. At North Oaks, Mr. Cryer was diagnosed with severe dehydration, malnutrition, a urinary tract infection, and was suffering from sores, all of which plaintiff attributed to the lack of care Mr. Cryer received from Tangi Pines Nursing Center and Rebecca Moore.
Tangi Pines Nursing Center and Nurse Moore ("Defendants") filed a motion for summary judgment asserting that plaintiff had no expert to support her medical malpractice claims and was therefore unable to satisfy her burden under La. R.S. 9:2794, on either breach of the standard of *977 care or causation. The record does not contain a copy of plaintiff's opposition nor a transcript of the November 21, 2016 hearing on the motion for summary judgment. Included in the record is an affidavit of Ronald Andrews, M.D., filed on November 21, 2016. However, the court minutes from the November 21, 2016 hearing date do not reflect that the affidavit was filed in connection therewith, or admitted as an exhibit at the hearing. After considering the law, evidence, and oral arguments of counsel, the trial court signed a final judgment on December 8, 2016, granting defendants' motion for summary judgment, and dismissing defendants, with prejudice, from the litigation.
Plaintiff filed a motion for new trial and sought to introduce a supplemental affidavit of Dr. Andrews. Defendants opposed the motion for new trial and moved to strike the amended affidavit of Dr. Andrews. The motion for new trial came for hearing on February 21, 2017, at which time the trial court indicated that it had reviewed Dr. Andrews' supplemental affidavit and found that it did not comply with La. R.S. 9:2794 in that it failed to establish a breach of the standard of care, and was therefore insufficient.[2] The trial court denied the motion for new trial, and signed a judgment in accordance therewith on March 6, 2017. Thereafter, plaintiff filed a motion for appeal from the March 6, 2017 judgment, contending that the trial court erred by granting defendants' motion for summary judgment and denying plaintiff's motion for new trial, by finding that neither the original nor the supplement affidavit of plaintiff's expert, Dr. Andrews, comports with the formal requirements of La. R.S. 9:2794.
LAW AND DISCUSSION
At the outset, we note that in plaintiff's motion for appeal, she appeals the denial of the motion for new trial, rather than the granting of defendants' motion for summary judgment. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. Code Civ. P. art. 2083(C). However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Byrd v. Pulmonary Care Specialists, Inc. , 2016-0485 (La. App. 1 Cir. 12/22/16), 209 So.3d 192, 195. In this case, it is clear from the sole assignment of error that plaintiff sought to appeal from the final judgment that granted summary judgment in favor of defendants and dismissed them from the litigation. Plaintiff's mistake in listing the date of the wrong judgment in her motion for appeal is insufficient grounds for the dismissal of the appeal, particularly since appeals are favored and will be dismissed only when the grounds are free from doubt. Id. Thus, the merits of the final judgment of December 8, 2016, granting defendants' motion for summary judgment, are properly before us.
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2).
*978 The burden of proof is on the mover. La. Code Civ. Pro. art. 966D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. Succession of Hickman v. State Through Bd. of Supervisors of Louisiana State Univ. Agricultural and Mechanical College , 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So.3d 1240, 1244.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Reynolds v. Bordelon , 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Succession of Hickman , 217 So.3d at 1244.
The motion for summary judgment at issue herein arises in the context of a suit for medical malpractice. To establish a claim for medical malpractice, a plaintiff has the burden of proving: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794 ; Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Id. at 1006-07.
In support of their motion for summary judgment, defendants submitted plaintiff's medical review panel request, an unsigned copy of the medical review panel's opinion and reasons, plaintiff's petition for damages, defendants' interrogatories and requests for production of documents to plaintiff, and plaintiff's supplemental discovery response dated May 19, 2016 identifying Dr. Ronald Andrews as a medical expert[3] .
In this appeal, defendants assert that they have presented sufficient evidence to support a prima facie case for summary judgment with the testimony of their own experts, in the form of the medical review panel's expert opinion. Thus, they contend that the burden of proof shifted to plaintiff pursuant to La. Code Civ. Pro. art. 966. They further argue that Schultz , 57 So.3d 1002, is binding, and that the trial court is "not free to simply disregard [defendants']
*979 unopposed expert medical evidence." Id. at 1009.
We find Schultz distinguishable in the instant case. In Schultz , the defendant/mover introduced in support of its motion for summary judgment the unanimous opinion of the medical review panel, which concluded that the defendant/mover did not fail to meet the applicable standard of care, as well as an affidavit of a member of the panel who clearly stated that the defendant/mover did not breach the applicable standard of care. Id. at 1007. Thus, upon review of the motion for summary judgment, the opinion of the medical review panel, and the affidavit of the member of the medical review panel, the Louisiana Supreme Court was convinced that the defendant/mover was entitled to summary judgment. Id. at 1008. In contrast, in the instant case, defendants placed into evidence an unsigned copy of the medical review panel's opinion as support for their motion for summary judgment.
Louisiana Code of Civil Procedure article 966A(4) provides that the only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. Louisiana Code of Civil Procedure article 966D(2) further provides that the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. In this case, we note that plaintiff did not object to the introduction of the unsigned copy of the medical review panel's opinion. We further note that this unsigned document does not fall within any of the categories set forth in La. Code Civ. Pro. art. 966A(4)[4] nor does it comply with the requirements of La. R.S. 40:1231.8G which states that the expert opinions of the medical review panel "...shall be in writing and signed by the panelists." A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Unifund CCR Partners v. Perkins , 2012-1851 (La. App. 1 Cir. 9/25/13), 134 So.3d 626, 632. This court has previously held that the uncertified and unsupported opinion of the medical review panel was insufficient under La. Code Civ. Pro. arts. 966 and 967 to serve as evidence properly considered on a motion for summary judgment. Simmons v. Berry , 98-0660 (La. App. 1 Cir. 12/22/00), 779 So.2d 910, 916. We find that in this case, the unsigned , uncertified and unsupported opinion of the medical review panel has no evidentiary value, and should be considered by the court in support of the motion for summary judgment as nothing more than an unsigned draft. Moreover, as noted above, the May 26, 2016 discovery responses relied upon by defendants in support of their motion for summary judgment were not attached to their memorandum nor were they introduced into evidence.
With regard to the mover's initial burden of proof in a motion for summary judgment, in Samaha v. Rau , 2007-1726 (La. 2/26/08), 977 So.2d 880, 885, the Louisiana Supreme Court, quoting Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) specifically stated that the party seeking summary judgment:
always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers *980 to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
In this case, we find that defendants failed to file any relevant documents which had evidentiary value in support of their motion for summary judgment. Thus, we find that defendants failed to meet their initial burden of proof, and that the burden never shifted to plaintiff to show support for her claim. See La. Code Civ. Pro. art. 966D(1); Coleman v. St. Tammany Parish School Board , 2008-1979 (La. App. 1 Cir. 5/8/09), 13 So.3d 644 (mover who did not submit any supporting documentation to show that supervision exercised by school officials was reasonable did not meet its burden of proof); Pugh v. St. Tammany Parish School Board , 2007-1856 (La. App. 1 Cir. 8/21/08), 994 So.2d 95, writ denied, 2008-2316 (La. 11/21/08), 996 So.2d 1113 (mover failed to meet its initial burden of proof by merely relying on a portion of the pleadings without identifying other parts of the record or submitting proof to support its motion). Therefore, we find that the trial court erred in granting the motion for summary judgment.
CONCLUSION
For the foregoing reasons, we reverse the December 8, 2016 judgment of the trial court granting defendants' motion for summary judgment and dismissing defendants from the litigation, and remand for further proceedings in accordance herewith. Costs of this appeal are assessed to defendants, Tangi Pines Nursing Center, LLC, and Rebecca Moore.
DECEMBER 8, 2016 JUDGMENT REVERSED; CASE REMANDED.

Dr. Nicholas Stevens, Medical Director of Tangi Pines Nursing Center, and Gaylin Mull, Assistant Nursing Director of Tangi Pines Nursing Center, were also named as defendants in the petition. However, those claims are not before us in the present appeal.

The record does not contain Dr. Andrews' supplemental affidavit.

In their memorandum in support of their motion for summary judgment, defendants reference and cite from supplemental responses dated May 26, 2016. However, these referenced responses were not attached to defendants' memorandum nor are they contained in the record.

Comment (c) of La. C.C.P. Art. 966 states that "[a]n opinion of the medical review panel cannot be filed in support of or in opposition to the motion unless it is properly authenticated and attached to the affidavit or deposition,"