## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-034


**FIRST HERITAGE CREDIT OF LOUISIANA, LLC**

**VERSUS**

**LADARRIEN GRIFFIN**


**\*\*\*\*\*\*\*\*\*\***
ON APPEAL FROM THE
CITY COURT OF LAFAYETTE
PARISH OF LAFAYETTE, NO. 2022CV01962
HONORABLE DOUGLAS J. SALOOM, JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED.**

Ladarrien Griffin
90 N. Luke St., Apt. 206A
Lafayette, LA 70502
(337) 591-1743
**COUNSEL FOR APPELLANT:**
    In Proper Person

Dean J. Guidry
The Guidry Law Group
600 Jefferson St., Suite 405
P. O. Box 5255
Lafayette, LA 70502
(337) 266-2250
**COUNSEL FOR APPELLEE**:
    First Heritage Credit of Louisiana, LLC

**PERRY, Judge.**

The issue presented in this case, as raised for the first time on appeal, is whether summary judgment procedure violates the substantial rights of the pro se opponent to the motion for summary judgment. After addressing the merits of the issue raised and conducting a de novo review of the motion for summary judgment, we affirm.

### FACTS AND PROCEDURAL HISTORY

On December 12, 2021, Ladarrien Griffin ("Mr. Griffin") purchased various pieces of bedroom furniture from Home Furniture in Lafayette. On the following day, Mr. Griffin signed a promissory note/security agreement which outlined an indebtedness in the principal amount of $1,165.84, plus pre-computed charges of $313.52, payable in twenty-four monthly installments of $61.64 each month beginning on January 12, 2022. In that agreement, Home Furniture assigned the note and security agreement to First Heritage of Louisiana, LLC ("FHC"). On July 12, 2022, after Mr. Griffin failed to make various monthly installment payments, FHC filed suit on the note against Mr. Griffin and sought recognition of its security interest.

On July 25, 2022, Mr. Griffin entered various filings in proper person. These assorted filings were entitled "Notice of Right and Intent to Rescind and Revoke," Private/Restricted/Special/Confidential," "Demurrer," "Without Prejudice," and Private/Restricted/Special, Affidavit." In these filings, Mr. Griffin: (1) asked the deputy clerk of court to clarify the documents served on him; (2) acknowledged service of the lawsuit on him but asserted the Lafayette City Court did not have personal jurisdiction over him because he accepted service under duress; (3) contended: (a) he could not be liable to FHC because he signed the promissory note/negotiable instrument "by wet ink signature" stating "without recourse" after

his signature; and (b) FHC never presented him with any "Notice of Dishonor." Mr. Griffin also attached an unnotarized "affidavit"[1] alleging that FHC's petition against him constituted an attempt to collect a debt through deceptive practices and represented the unauthorized practice of law.

On September 14, 2022, FHC moved for summary judgment. In response to that filing, the trial court ordered Mr. Griffin to show cause on November 10, 2022, why summary judgment should not be granted in favor of FHC and against him for the sums indicated in the petition filed against him.[2]

On November 10, 2022, the trial court held a hearing on FHC's motion for summary judgment. After reviewing the evidence and hearing arguments from FHC and Mr. Griffin, the trial court granted FHC's motion for summary judgment.

Mr. Griffin then perfected this appeal.

### APPELLANT'S ASSIGNMENT OF ERROR

The issue presented for review on behalf of the appellant is the Plain Error Rule on the day of Trial held on November 10, 2022 in CITY COURT OF Lafayette granting Summary Judgement to First Heritage Credit of Louisiana, LLC. The judgment rendered violated

---

[1] In lieu of the standard notarized affidavit, Mr. Griffin, attempting to follow 28 U.S.C. § 1746, inserted the following language **after** his signature:

I Declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 20th day in the month of July in the year of Our Lord Two Thousand and Twenty-Two.

Although several states have adopted this formulation or something like it in lieu of a notarized affidavit, such language has not been adopted in Louisiana as an alternative to a sworn and notarized affidavit.

[2] On October 4, 2022, Mr. Griffin also filed a Counterclaim for Summary Judgment. In that filing, he sought damages of $5,000.00 from FHC for harm caused him because of its fraudulent claims against him and deceptive collection attempts. Attached to that filing was a document referenced as an "affidavit." However, our review of that document shows that it was confected in conformity with the provisions of 28 U.S.C. § 1746. In that document, Mr. Griffin asserted that he made an EFT payment to FHC on February 11, 2022, and tendered two "coupon securities" to FHC on March 9 and 14, 2022. Thus, he alleged that he paid FHC as promised.

On October 27, 2022, FHC filed various dilatory, declinatory, and peremptory exceptions to Mr. Griffin's counterclaim.

Defendant's Substantial rights under Article 1 section 16 Louisiana constitution (1974). The judgment was rendered to the plaintiff who was not present for trial; neither were witnesses who put an affidavit on the record. Could it be proper Justice rendered for Counsel of Plaintiff (Who is in fact a third party with no firsthand knowledge) to be the only party present during Trial, speaking and admitting evidence to the record on behalf of a party who has made a claim against me?

**APPELLANT'S ARGUMENT: THE CONSTITUTIONAL ISSUE**

For the first time in this matter, Mr. Griffin argues in his brief to this court that it is improper to allow property to be taken from him without being able to cross-examine those who have asserted a claim against him. To that end, he contends that the use of affidavits and the presentation of supporting documents provides an insufficient basis for the rendition of judgment against him.

**APPELLEE'S POSITION**

FHC asserts that there are no cases in Louisiana ruling that the summary judgment procedure as outlined in La.Code Civ.P. art. 966 is unconstitutional. Therefore, it argues that the trial court's judgment under such procedure is valid and should not be reversed.

Furthermore, FHC argues that Mr. Griffin makes no argument with respect to the merits of granting the motion for summary judgment. It points out that only the validity of the procedure under the state constitution is at issue and subject to appellate review. Thus, it contends other arguments or issues not briefed by Mr. Griffin are not subject to review by this court.

**APPLICABLE LAW: THE CONSTITUTIONAL ISSUE**

In *Fruge v. Bd. of Trustees of La. State Employees' Ret. Sys.*, 08-1270, pp. 5-6 (La. 12/2/08), 6 So.3d 124, 128 (citations omitted), the supreme court stated:

> As a general rule, statutes are presumed to be constitutional; therefore, the party challenging the validity of a statute has the burden of proving its unconstitutionality. Because the provisions of the Louisiana Constitution are not grants of power but instead are limitations on the

3

otherwise plenary power of the people, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit. As a result, a party challenging the constitutionality of a statute must point to a particular provision of the constitution that would prohibit the enactment of the statute and must demonstrate clearly and convincingly that it was the constitutional aim of that provision to deny the legislature the power to enact the statute in question. Finally, because it is presumed that the legislature acts within its constitutional authority in enacting legislation, this court must construe a statute so as to preserve its constitutionality when it is reasonable to do so.

More particularly, in *Vallo v. Gayle Oil Co., Inc.*, 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65 (footnotes omitted), the supreme court stated:

> Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. *Johnson v. Welsh*, 334 So.2d 395, 396-397 (La.1976); *State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners*, 115 So.2d at 836 [the unconstitutionality of a statute cannot be asserted in the appellate court unless it has been pleaded and made an issue in the court of first instance]; *Becker v. Allstate Ins. Co.*, 307 So.2d 101, 103 (La.1975); *Summerell v. Phillips*, 258 La. 587, 247 So.2d 542, 546 (1971); *State v. de St. Romes*, 26 La.Ann. 753, 754 (1874), *on rehr'g; De Blanc v. De Blanc*, 18 So.2d 619, 623 (La.App.Orleans, 1944).

> The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA–C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.

## ANALYSIS

In the present case, Mr. Griffin did not attack the constitutionality of summary judgment procedure in the trial court. It was only in his brief to this court that Mr. Griffin generally raised the unconstitutionality of the summary judgment procedure. Even then, he did not specify the codal article in question. Rather, in support of his

argument, Mr. Griffin referenced La.Const. art. 1, §16, a provision granting every person charged with a crime the right to a speedy, public, and impartial trial. Clearly, this argument is inapplicable to summary judgment, a proviso in a civil proceeding.

Before closing, we concede that Mr. Griffin was representing himself in this action. Notwithstanding, courts have held that pro se litigants assume responsibility for their lack of knowledge of the law. *Food Perfect, Inc. v. United Fire & Cas. Co.*, 12-2492 (La. 1/18/13), 106 So.3d 107; *see also Ledbetter v. Wheeler*, 31,357, p. 3 (La.App. 2 Cir. 12/9/98), 722 So.2d 382, 384 ("Although we concede that Ledbetter, as a layperson, was representing himself, a pro se litigant assumes all responsibility for his own inadequacies and lack of knowledge of procedural and substantive law.")

**APPELLANT'S ARGUMENT: SUMMARY JUDGMENT PROCEDURE**

Mr. Griffin has neither urged an error regarding the trial court's resolution of FHC's motion for summary judgment nor assigned an error in this court raising this issue.

**APPELLEE'S POSITION**

FHC contends the trial court's granting of summary judgment was correct and should not be reversed. It further argues that this court is precluded from reaching the merits of granting the motion for summary judgment because Mr. Griffin failed to assign an error in this regard and further failed to brief this issue.

**APPLICABLE LAW: SUMMARY JUDGMENT PROCEDURE**

It is well established that the purpose of summary judgment procedure is the just and speedy determination of actions. *See e.g., Cupit o/b/o Cupit v. Twin City Fire Ins. Co.*, 17-918 (La.App. 3 Cir. 3/14/18), 240 So.3d 993. Against that backdrop, we stated in *George v. Coca-Cola Bottling Co. United, Inc.*, 22-207, p. 8 (La.App. 3 Cir. 1/25/23), 355 So.3d 1193, 1198:

With that as its purpose, summary judgment procedure has established specific rules for the presentation of supporting and opposing documents, as well as a specified method of objecting to those documents. Such a provision meets the "just" element of such a procedure, helps secure that such issues do not blindside litigants at the last moment, and allows the trial court to truly assess the proof to see whether there is a genuine need for trial.

Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

"A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf Shrimp, Inc*., 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755 (superseded by statute on other grounds).

When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (*quoting Suire v. Lafayette City-Par. Consol. Gov't*, 04–1459 (La. 4/12/05), 907 So.2d 37). Moreover, summary judgment procedure is now favored. *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41. In considering a motion for summary judgment,

6

"factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

Louisiana Code of Civil Procedure Article 966(D)(1) and (2) further provide, in pertinent part:

> (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the move's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

> (2) The Court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum.

## ANALYSIS

Our review of the record confirms that Mr. Griffin failed to assign an error regarding the trial court's grant of summary judgment and further failed to brief any issue regarding that judgment. Although the failure to assign errors may not have been fatal,[3] the failure to brief an issue usually constitutes an abandonment of that argument. *Velazquez v. Landcoast Insulation, Inc.*, 08-804 (La.App. 3 Cir.

---

[3] Louisiana Code of Civil Procedure Article 2129 provides that an assignment of errors is not necessary in any appeal. Moreover, La.Code Civ.P. art. 2164 provides that an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal." As noted in the Official Revision Comments under Art. 2164, the appellate court has "complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." In a similar vein, Uniform Rules--Courts of Appeal, Rule 3-2 provides that even in the absence of an assignment of errors, the appellate court can review such issues if the "interest of justice clearly requires[.]"

12/10/08), 999 So.2d 318, *writ denied*, 09-66 (La. 3/6/09), 3 So.3d 490; *see also Charles v. Landry*, 09-1161 (La.App. 3 Cir. 3/10/10), 32 So.3d 1164. Despite these failures, we, as an appellate court, are required to review the summary judgment de novo. *Samaha*, 977 So.2d 880.

"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966 (A)(4). "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La.Code Civ.P. art. 966(D)(2).

In the present case, FHC presented the sworn and notarized affidavit of its manager, Mary Meche. In that affidavit, Ms. Meche identified the note and security interest attached to the affidavit, as well as the amount of indebtedness owed by Mr. Griffin. Additionally, as a precautionary measure, trial counsel for FHC offered the original petition and the attached exhibits, including the service information and the court minutes.

Although Mr. Griffin did not formally file an opposition, the record does contain a declaration in conformity with 28 U.S.C. § 1746 that was filed after FHC's motion for summary judgment. After Mr. Griffin filed this document, FHC did not object to its filing in the record.

While we will consider all documents submitted by either party without objection in our review of the motion for summary judgment, the unsworn or unverified documents submitted by the parties in support of and in opposition to the motion for summary judgment have no evidentiary value. *See Cryer v. Tangi Pines Nursing Ctr.*, 17-697 (La.App. 1 Cir. 12/21/17), 240 So.3d 975. "A document that

8

is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment." *Unifund CCR Partners v. Perkins*, 12-1851, p. 8 (La.App. 1 Cir. 9/25/13), 134 So.3d 626, 632.

As noted above, the document filed by Mr. Griffin lacks the formal requirement of an affidavit.[4] Therefore, we find Mr. Griffin's declaration has no evidentiary value and will not be considered by this court.

After considering the foregoing, we find that FHC's motion and supporting documents show that there is no genuine issue as to material fact and that it is entitled to judgment as a matter of law.

## DECREE

For the foregoing reasons, we affirm the trial court's ruling which granted FHC's motion for summary judgment. The costs of this appeal are assessed to Ladarrien Griffin.

**AFFIRMED.**

---

[4] "An affidavit is a declaration or statement of facts personally known to the affiant, reduced to writing and sworn to by the affiant before an officer who has authority to administer oaths, such as a notary public." *Patterson in Interest of Patterson v. Johnson*, 509 So.2d 35, 38 (La.App. 1 Cir. 1987). The typed "affidavit" of Mr. Griffin was not sworn before and signed before an officer who has authority to administer oaths. A document that is not signed and notarized in the presence of a notary cannot be considered as an affidavit. *Anderson v. Allstate Ins. Co.*, 93-1102 (La.App. 1 Cir. 4/8/94), 642 So.2d 208, *writ denied*, 94-2400 (La.11/29/94), 646 So.2d 404.